# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA, | Case No. 1:14-cv-01972---SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY (30) DAYS |
| v. | |
| DEPARTMENT OF JUSTICE BUREAU OF FIREARMS, et al., | |
| Defendants. | |

On December 11, 2014, Plaintiff Bruce Berna ("Plaintiff") filed the complaint in this action. (ECF No. 1.) The Complaint names the Department of Justice Bureau of Firearms and Sonia Rios as defendant in this action ("Defendants").

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and that Plaintiff's complaint should be dismissed, with leave to amend.

### I.

### SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

1 that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

2 1915(e)(2)(B).

3      A complaint must contain "a short and plain statement of the claim showing that the

4 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

7 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate

8 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.

9 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

11 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

12 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be

13 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

14 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss

15 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant

16 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

17 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572

18 F.3d at 969.

19                              **II.**

20                **PLAINTIFF'S COMPLAINT**

21      Plaintiff alleges that he filed a "public records request" with the Bureau of Firearms five

22 times over three months. The request concerned the seizure of Plaintiff's shotgun. Plaintiff

23 alleges that these records are needed "to help prove ... their officers['] pejury under oath to

24 falsely arrest [Plaintiff] and cause [Plaintiff] to be falsely imprisoned." (Compl., at pg. 5.)

25      Plaintiff also alleges that he executed a "power of attorney" in favor of Ron Hendricks.

26 Plaintiff alleges that the Bureau of Firearms failed to turn over the records to Mr. Hendricks

27 pursuant to the power of attorney.

28 / / /

2

Plaintiff requests copies of the documents requested in his records act request, costs, and that Defendants give "one mossberg shotgun" to Mr. Hendricks.

### III.

### DISCUSSION

**A.     Plaintiff's Claims**

Plaintiffs bring this suit because officials from the Department of Justice failed to produce records in response to Plaintiff's request under California's Public Records Act. California's Public Records Act, by its own terms, governs the disclosure of records from state and local agencies.  See Cal. Gov't Code § 6252 and 6253.  The Department of Justice is a federal agency, not a state or local agency.  Although the Court is not privy to the thought processes of those within the Department of Justice who received Plaintiff's request, the Court presumes that the Department of Justice did not respond to Plaintiff's request under California's Public Records Act because California's Public Records Act does not apply to the Department of Justice.  In any case, Plaintiff fails to state a claim for the violation of his rights under the California Public Records Act because the Department of Justice has no legal obligation to respond to requests under California's Public Records Act.

Plaintiff's complaint also raises allegations pertaining to the Department of Justice's failure to deliver Plaintiff's shotgun to Ron Hendricks.  However, Plaintiff fails to cite any statute or law which requires the Department of Justice to transfer possession of the shotgun to Ron Hendricks pursuant to the "power of attorney" signed by Plaintiff.  Accordingly, Plaintiff fails to state any claim against Defendants, as the Court is unaware of any law which requires Defendants to transfer possession of Plaintiff's shotgun to Mr. Hendricks simply because Plaintiff executed a "power of attorney" document granting Mr. Hendricks possession and control over Plaintiff's property.

Moreover, the transfer of firearms is regulated under California law.  See Cal. Penal Code §§ 26500, et seq.  These regulations include procedures and restrictions regarding the transfer of firearms between private entities, and require the transfer to be conducted through a licensed person.  See Cal. Penal Code § 28050.  Nothing in the California Penal Code authorizes Plaintiff

to transfer his firearm to Mr. Hendricks simply by signing and notarizing a "power of attorney."

Finally, the Court finds that Plaintiff has not alleged any facts which suggest the existence of federal jurisdiction over Plaintiff's claims.  It appears that Plaintiff's claims arise under state law and there is no federal question jurisdiction or diversity jurisdiction over Plaintiff's claims.

**B.    Leave to Amend**

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.'  This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  Id. at 1052.

In accordance with the "extreme liberality" with which leave to amend should be granted, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies identified herein.

**IV.**

**CONCLUSION AND ORDER**

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is dismissed, with leave to amend.  Plaintiff shall file his amended complaint, if any, within thirty (30) days from

/ / /

/ / /

/ / /

/ / /

/ / /

the date of service of this order.  Plaintiff is forewarned that failure to file a timely amended complaint will result in a recommendation to a district judge that this action be dismissed and closed.

IT IS SO ORDERED.

Dated:   __**December 22, 2014**__

_____
UNITED STATES MAGISTRATE JUDGE

5