# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA, | Case No.  1:14-cv-01972---SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY (30) DAYS |
| v. | |
| DEPARTMENT OF JUSTICE BUREAU OF FIREARMS, et al., | |
| Defendants. | |

January 20, 2015, Plaintiff Bruce Berna ("Plaintiff") filed the First Amended Complaint in this action.  (ECF No. 5.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.

**I.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1    1915(e)(2)(B).

2        A complaint must contain "a short and plain statement of the claim showing that the

3    pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

6    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

7    that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

8    Williams, 297 F.3d 930, 934 (9th Cir. 2002).

9        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

14   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

15   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

17   F.3d at 969.

## II.

## BACKGROUND

20       Plaintiff filed the original complaint in this action on December 11, 2014.  (ECF No. 1.)

21   The Court screened and dismissed the original complaint, with leave to amend, on December 22,

22   2014.  The Court construed the original complaint as attempting to sue the United States

23   Department of Justice for failing to respond to Plaintiff's request for documents pursuant to

24   California's Public Records Act.  Since California's Public Records Act only applies to state and

25   local agencies, and the United States Department of Justice is a federal agency, the Court found

26   that the original complaint did not state any cognizable claims.  The Court further found that the

27   original complaint did not state any cognizable claims concerning Plaintiff's complaints about

28   the Department of Justice's refusal to comply with Plaintiff's demands that a shotgun seized at

1  Plaintiff's residence be delivered to a "Ron Hendricks."

2  Plaintiff's First Amended Complaint consists of a narrative in which Plaintiff attempts to

3  "explain what I hoped to accomplish and why." (First Am. Compl., at pg. 1.)  Plaintiff describes

4  an incident on September 8, 2011 when he was arrested by two law enforcement officers.

5  Plaintiff contends that these law enforcement officers entered his home without his permission

6  and without a warrant and found a shotgun.  Plaintiff was arrested for a firearms related offense.

7  Plaintiff contends that the law enforcement officers lied during multiple court

8  proceedings.  Plaintiff further contends that the judge in his criminal proceedings was biased and

9  protected the officers' despite their lies.  Plaintiff pled no contest to the criminal charges and

10  appealed.

11  Plaintiff explains that he requested the documents from the Department of Justice to

12  corroborate his claims that the law enforcement agents lied during court proceedings.  Plaintiff

13  claims that he requested the documents five times over four months and sent his neighbor to the

14  Department of Justice to retrieve the requested documents.  Plaintiff further states that "[n]ow I

15  have decided to file suit for '[i]llegal search and seizure, false arrest, false imprisonment, 42

16  U.S.C. 1988, 42 U.S.C. 1983, 28 U.S.C., eleventh amendment and continued tort claim." (First

17  Am. Compl., at pg. 3.)

18  **III.**

19  **DISCUSSION**

20  **A.     Plaintiff's Claims**

21  Plaintiff's First Amended Complaint fails to cure the deficiencies identified by the Court

22  regarding the original complaint.  As an initial matter, the Court notes that Plaintiff's First

23  Amended Complaint fails to identify who the defendants are.  The original complaint named the

24  United States Department of Justice – Bureau of Firearms and Sonia Rios (Department of Justice

25  Clerk) as defendants.  The First Amended Complaint has no on named as defendant.

26  Furthermore, the First Amended Complaint does not address the deficiencies identified

27  by the Court in its prior screening order.  The Court dismissed the original complaint in this

28  matter because Plaintiff attempted to sue a federal agency and one if its employees for failure to

1    comply with a California Public Records Act request despite the fact that the California Public

2    Records Act does not apply to federal agencies.  Plaintiff's First Amended Complaint fails to

3    cure this deficiency and instead only provides a narrative explanation as to why Plaintiff is

4    seeking the documents he requested from the Department of Justice.  Plaintiff's motivation for

5    seeking his records from the Department of Justice has no bearing on the legal deficiencies

6    identified by the Court in its prior screening order.  Plaintiff has made no effort to address the

7    Court's analysis of Plaintiff's complaints about the Department of Justice's refusal to give a

8    shotgun to his neighbor, Ron Hendricks and has made no effort to address the Court's concerns

9    regarding Plaintiff's failure to allege the basis of jurisdiction in his complaint.

10          Finally, the Court notes that the First Amended Complaint alludes to a claim under

11   Section 1983 for illegal search and seizure and for false arrest.  It is unclear whether Plaintiff was

12   attempting to raise these claims in his First Amended Complaint or if Plaintiff was simply

13   narrating his intention to raise such claims in a future proceeding.  In either case, such claims are

14   barred by the statute of limitations.

15          The statute of limitations in Section 1983 actions is governed by the law of the state in

16   which the cause of action arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In California, the

17   applicable statute of limitations is two years.  Cal. Code. Civ. Proc. § 335.1; see also Maldonado

18   v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).  Section 1983 claims premised on an unlawful

19   search and seizure generally accrue at the time the search and seizure occurs.  Matthews v.

20   Macanas, 990 F.2d 467, 469 (9th Cir. 1993), abrogated on other grounds; see also Easley v.

21   County of El Dorado, No. 2:08-cv-01432 MCE KJN PS, 2010 WL 4569137, at *5 (E.D. Cal.

22   Nov. 3, 2010).

23          The First Amended Complaint contends that the allegedly unlawful search and seizure

24   and unlawful arrest occurred on September 8, 2011.  Plaintiff filed suit on December 11, 2014,

25   long after the expiration of the two year statute of limitations.[1]  Accordingly, to the extent that

26   _____
     [1] Although Plaintiff cites language from Heck v. Humphrey, 512 U.S. 477 (1994), in the First Amended Complaint,
27   the Ninth Circuit has held that Heck does not apply in circumstances where a plaintiff is raising a 1983 claim for an
     allegedly unlawful search and seizure, but the plaintiff plead guilty or nolo contendere.  Jackson v. Barnes, 749 F.3d
     755, 760 (9th Cir. 2014).  In such cases, the conviction is derived from the plaintiff's plea, not from verdicts
28   obtained with supposedly illegal evidence.  Id.  Therefore, the Section 1983 would not demonstrate the invalidity of

1   the First Amended Complaint could be construed as raising claims under Section 1983 relating to

2   the September 8, 2011 search and seizure or arrest, such claims are barred by the statute of

3   limitations.

4         **B.**      **Leave to Amend**

5         "Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely

6   given when justice so requires.'   This policy is 'to be applied with extreme liberality.'"

7   Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v.

8   Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).   The factors the Court

9   should consider in deciding whether to grant leave to amend include undue delay, bad faith or

10  dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

11  previously allowed, undue prejudice to the opposing party by virtue of allowance of the

12  amendment, and futility of the amendment.  Id. at 1052.

13        In accordance with the "extreme liberality" with which leave to amend should be granted,

14  the Court will grant Plaintiff one final opportunity to amend the complaint to cure the

15  deficiencies identified herein.

16  **IV.**

17  **CONCLUSION AND ORDER**

18        Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any

19  cognizable claims.

20        Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is dismissed, with

21  leave to amend.  Plaintiff shall file his amended complaint, if any, within thirty (30) days from

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28  the conviction.  Id.  Plaintiff alleged that he plead nolo contendere to his criminal charges.  (First Am. Compl., at pg. 3.)

1 | the date of service of this order.  Plaintiff is forewarned that failure to file a timely amended

2 | complaint will result in a recommendation that this action be dismissed.

3

4 | IT IS SO ORDERED.

5 | Dated:   **February 24, 2015**

UNITED STATES MAGISTRATE JUDGE

6