# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BERNA,<br><br>      Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE BUREAU OF FIREARMS, et al.,<br><br>      Defendants. | Case No. 1:14-cv-01972-JAM-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On May 11, 2015, Plaintiff Bruce Berna ("Plaintiff") filed the second amended complaint in this action. (ECF No. 13.)

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims and recommends that this action be dismissed.

**I.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## BACKGROUND

Plaintiff filed the original complaint in this action on December 11, 2014. (ECF No. 1.) The Court screened and dismissed the original complaint, with leave to amend, on December 22, 2014. The Court construed the original complaint as attempting to sue the United States Department of Justice for failing to respond to Plaintiff's request for documents pursuant to California's Public Records Act. Since California's Public Records Act only applies to state and local agencies, and the United States Department of Justice is a federal agency, the Court found that the original complaint did not state any cognizable claims. The Court further found that the original complaint did not state any cognizable claims concerning Plaintiff's complaints about the Department of Justice's refusal to comply with Plaintiff's demands that a shotgun seized at

Plaintiff's residence be delivered to a "Ron Hendricks."

Plaintiff filed a First Amended Complaint on January 20, 2015. (ECF No. 5.) The Court screened and dismissed the First Amended Complaint, with leave to amend, on February 24, 2015. (ECF No. 6.) The Court noted that the First Amended Complaint failed to cure the deficiencies identified by the Court in the order screening the original complaint. The First Amended Complaint consisted of a narrative explaining why Plaintiff was seeking documents from the Department of Justice. Plaintiff did not name any defendants in the First Amended Complaint and did not identify any causes of action. The Court granted leave to amend because Plaintiff's narrative alluded to a potential Section 1983 claim for illegal search and seizure. The Court also noted that it appeared that the statute of limitations would bar any claim under Section 1983 since the search and seizure allegedly occurred on September 8, 2011 and Plaintiff filed suit on December 11, 2014—long after the two year statute of limitations.

Plaintiff's Second Amended Complaint names Sonia Rios (clerk, Department of Justice, Bureau of Firearms), Luke Powell (special agent, Department of Justice, Bureau of Firearms), Frank Navarro (special agent, Department of Justice, Bureau of Firearms), Alfred Frausto (special agent, Department of Justice, Bureau of Firearms), Alfredo Fuerto (special agent, Department of Justice, Bureau of Firearms), and Lee Cariaga (supervisor, Department of Justice, Bureau of Firearms) as defendants (all defendants collectively referred to as "Defendants"). Plaintiff's Second Amended Complaint alleges that Luke Powell and Frank Navarro conducted an illegal search and seizure and false arrest on September 11, 2011. Plaintiff alleges that Defendants told several lies covering up the incident during Plaintiff's criminal proceedings.

Plaintiff's Second Amended Complaint states that Plaintiff filed a separate lawsuit in this district, Berna v. Powell, Case Number 1:15-cv-00283-AWI-GSA, raising claims based upon the illegal search and seizure. Plaintiff states that the present lawsuit "has to do with 'documents only,' as discovery in that [Berna v. Powell] case." (Second Am. Compl., at pg. 2.)

///

///

///

3

## III.

## DISCUSSION

Plaintiff attempts to bring this action to secure discovery from Defendants related to a separate case, Berna v. Powell, Case Number 1:15-cv-00283-AWI-GSA. It is unclear why Plaintiff filed a separate lawsuit to conduct discovery. Discovery is normally conducted in the same case as the underlying causes of action. It is further unclear why this action was filed prior to the Berna v. Powell action. Plaintiff originally raised claims under California's Public Records Act in this action. It appears Plaintiff changed the claims in this action after the Court informed him that the California Public Records Act did not apply to federal agencies, which explained why Defendants did not respond to Plaintiff's request for records.

Although Plaintiff never challenged the Court's original analysis, it appears the court erred in assuming that Plaintiff's California Public Records Act request was directed toward the U.S. Department of Justice instead of the California Department of Justice. Plaintiff's complaint did not specify whether he was suing the federal Department of Justice of the state Department of Justice. However, a Google search of the address Plaintiff used to send his California Public Records Act request indicates that he sent his request to the California Department of Justice, meaning the California Public Records Act would potentially apply.

However, assuming Plaintiff brought this action under the California Public Records Act against the California Department of Justice and its employees, Plaintiff has failed to establish this Court's jurisdiction of this action. Liberally construed, Plaintiff brings a state law cause of action and diversity does not appear to exist between the parties. Therefore, federal jurisdiction does not exist over Plaintiff's state law cause of action. See Provost v. City of Sanger, Case No. 1:14-cv-001329-AWI-SKO, 2014 WL 5485902, at *2 (E.D. Cal. Oct. 29, 2014). Accordingly, this action should be dismissed for lack of jurisdiction.

The remaining theories presented in Plaintiff's Second Amended Complaint action fail to state any cognizable claims. If Plaintiff wishes to request documents relevant to the claims raised in Berna v. Powell, Plaintiff can make those discovery requests in that action, not in this separate action. Plaintiff appears to misunderstand how discovery works in civil actions.

Plaintiff appears to believe that he is supposed to conduct discovery related to the <u>Berna v. Powell</u> action in a separate action before <u>Berna v. Powell</u> is filed. This is not the case. Plaintiff can conduct discovery related to <u>Berna v. Powell</u> without filing a separate action. Such discovery can take place after the judge in <u>Berna v. Powell</u> authorizes the parties to conduct discovery.

Since Plaintiff does not raise any valid causes of action in this action and it appears jurisdiction is lacking, this action should be dismissed. The Court finds that dismissal should be without leave to amend since it is clear that the defects in this action cannot be cured by further leave to amend.

## IV.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims and the Court would not have jurisdiction over any cognizable claims under the California Public Records Act. The Court further finds that the defects in the Second Amended Complaint are not capable of being cured by further amendment.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

///

///

///

///

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 14, 2015**

UNITED STATES MAGISTRATE JUDGE